UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ARBITRATION ASSOCIATION, INC., et al., <br><br> Defendants. | Case No. 25-cv-05319-JST <br><br> **ORDER GRANTING LEAVE TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING COMPLAINT** <br><br> Re: ECF No. 2 |

Before the Court is Plaintiff Kevin B. Williams's motion for leave to proceed *in forma pauperis*. ECF No. 2. The Court will grant the motion and, pursuant to the review required under 28 U.S.C. § 1915(e)(2), will dismiss the complaint with leave to amend.[1]

## I. GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Having reviewed Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, the Court finds that Plaintiff is unable to pay the full amount of fees and costs or give security. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). The Court therefore grants Plaintiff's request to proceed *in forma*

---

[1] Defendant Autodeals Hayward, Inc., filed an answer on August 21, 2025. ECF No. 6. "Because the Court is mandated to screen Plaintiff's complaint at this juncture, and because the Court dismisses that complaint, there is no operative complaint in this action" and the Court strikes the answer. *Adams v. Ally Auto*, No. 2:22-CV-02173-RFB(DJA), 2024 WL 325277, at *1 (D. Nev. Jan. 26, 2024). *See also Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003) (per curiam) (rejecting federal prisoner's argument that district court erred in dismissing some of his claims pursuant to § 1915A after the defendants had already answered).

*pauperis*.

## II. SCREENING OPERATIVE COMPLAINT

### A. Standard of Review

Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citation omitted). While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

### B. Discussion

For the purpose of screening under 28 U.S.C. § 1915(e)(2), the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Williams filed this action against Defendants American Arbitration Association, Inc. ("AAA") and Autodeals Hayward, Inc., for a dispute arising from "the sale of a used automobile to Plaintiff's disabled

son." ECF No. 1 ¶ 2.  In the arbitration that followed, AAA "wrongfully disqualified" Williams as his son's legal representative, failed to provide the agreed arbitration services, and subsequently failed to refund arbitration and administrative fees.  *Id.* ¶ 13–15.  Williams brings claims for: (1) breach of contract; (2) fraudulent misrepresentation; (3) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"); (4) conversion; and (5) declaratory relief.  For the reasons explained herein, the Court finds that Williams fails to state a claim for relief with respect to each of his claims.

### 1.      **Breach of Contract**

Williams asserts a breach of contract claim against AAA for "collecting and retaining fees while failing to provide the contracted arbitration services due to disqualifying Plaintiff Kevin Williams without cause."  ECF No. 1 ¶ 21.  The elements of a cause of action for breach of contract under California law are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  "To properly plead breach of contract, '[t]he complaint must identify the specific provisions of the contract allegedly breached by the defendant.'"  *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (quoting *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)).

Williams not only fails to allege a specific contract provision AAA breached but fails even to allege the existence of a valid contract to which he is a party.  Because Williams fails to allege facts regarding the terms of the contract, he also cannot plausibly allege breach.  *See Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979–980 (N.D. Cal. 2014) (dismissing a complaint where the court could not discern what material obligation the defendant breached because the court did not know the terms of the contract); *Hobbs v. Wells Fargo Bank N.A.*, No. 12-cv-4060-RS, 2013 WL 3200612, at *3 (N.D. Cal. June 24, 2013) (dismissing a claim for breach of an oral contract where "the complaint fails to allege adequately how such an oral contract was formed, the terms thereof, or how it was breached"); *Albert D. Seeno Construction Co. v. AIG Specialty Ins. Co.*, No. 21-cv-02152-JST, 2021 WL 11592633, at *3 (N.D. Cal. Sept. 20, 2021) ("The Court

1  dismisses Seeno's third cause of action for breach of contract based on a duty to settle because
2  Seeno has not identified any term in the contract that imposes such a duty."). Accordingly,
3  Williams's breach of contract claim is dismissed.

### 2. Fraudulent Misrepresentation

"A claim of fraudulent misrepresentation in California requires a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. App'x 680, 682 (9th Cir. 2014) (internal quotation marks omitted). Because a fraudulent misrepresentation claim sounds in fraud, a plaintiff must also plead such a claim with particularity under Federal Rule of Civil Procedure 9(b). "Rule 9(b)'s heightened pleading requirements demand that '[a]verments of fraud must be accompanied by the who, what, when, where, and how' of the misconduct charged and 'must set forth what is false or misleading about a statement, and why it is false.'" *Swearingen v. Gen. Motors LLC*, No. 23-cv-04314-SI, 2023 WL 7348309, at *3 (N.D. Cal. Nov. 6, 2023) (quoting *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003)). "Specifically, fraud allegations must include the 'time, place, and specific content of the false representations as well as the identities of the parties.'" *Swearingen*, 2023 WL 7348309, at *3 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

Williams's fraudulent misrepresentation claim, asserted against AAA, fails to plead the "who, what, when, where, and how" of the allegedly false representations. He alleges only that "AAA falsely represented the scope of allowable party representation and its fee refund policies, inducing Plaintiff to pay arbitration fees under false pretenses." ECF No. 1 ¶ 22. Elsewhere he mentions "AAA Rule-25," *id.* ¶ 13, but he does not set out the contents of that rule or explain "what is false or misleading about [the] statement." *Swearingen*, 2023 WL 7348309, at *3; *see also Tabak v. Apple, Inc.*, No. 19-cv-02455-JST, 2020 WL 9066153, at *9 (N.D. Cal. Jan. 30, 2020) ("Plaintiffs' allegations, even when read in the light most favorable to Plaintiffs, lack factual matter that specifically identifies the who, what, when, where, and how of Apple's alleged fraudulent misrepresentations and omissions as they relate to the named plaintiffs"). Accordingly, the Court dismisses Williams's fraudulent misrepresentation claim.

4

### 3. UCL Claim

"Because the UCL is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal App. 5th 1214, 1248 (2023) (citation and quotation omitted). "An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Id.* (citation and quotation omitted).

Williams asserts a claim against AAA under the UCL's "fraudulent" prong. ECF No. 1 ¶ 23. UCL claims based on fraud "must satisfy the particularity requirement of Rule 9(b)." *Swartz*, 476 F.3d at 1105. For the reasons explained with respect to Williams's fraudulent misrepresentation claim, *supra*, Williams's fraud allegations against AAA do not meet Rule 9(b)'s pleading requirements. *See Antonov v. Gen. Motors LLC*, No. 8:23-cv-01593-FWS-MJR, 2024 WL 217825, at *12 (C.D. Cal. Jan. 19, 2024) ("Because Plaintiff's claim for a violation of the UCL's 'fraudulent prong' relies on the same theories of fraudulent misrepresentation and fraudulent concealment that the court found to be insufficient above, the court concludes Plaintiff has also failed to allege a violation of the 'fraudulent prong' of the UCL."). The Court thus dismisses Williams's "fraudulent" prong UCL claim against AAA.

Williams also brings a UCL claim against Autodeals Hayward under the UCL's "unlawful" and "unfair" prongs. ECF No. 1 ¶ 24. Starting with the "unlawful" prong, a UCL action "to redress an unlawful business practice 'borrows' violations of other laws and treats [them] . . . as unlawful practices independently actionable." *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992). "[T]o state a claim under the unlawful prong of the UCL, a plaintiff must sufficiently plead a predicate violation." *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014).

Williams does not sufficiently plead a predicate violation against Autodeals Hayward. His claims for breach of contract, fraudulent misrepresentation, and conversion are alleged only against AAA (and, moreover, suffer from the defects explained in this order). Williams alleges summarily that "Autodeals Hayward engaged in deceptive and unlawful business practices in the underlying vehicle transaction, including misrepresentation of vehicle condition, failure to disclose

5

1  defects, and violations of California's Consumer Legal Remedies Act (CLRA) and Song-Beverly
2  Consumer Warranty Act." *Id.* ¶ 18.  But this single sentence, which does not explain *how*
3  Autodeals Hayward violated the CLRA or Song-Beverly Act, is insufficient to plead a predicate
4  violation of either of those laws for the purpose of asserting an "unlawful" prong UCL claim.
5  Accordingly, the Court dismisses that part of Williams's UCL claim.

6      Williams's UCL claim against Autodeals Hayward under the "unfair" prong also fails.
7  "[T]he determination of whether a particular business practice is unfair necessarily involves an
8  examination of its impact on the alleged victim, balanced against the reasons, justifications and
9  motives of the alleged wrongdoing." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th
10 1544, 1555 (2007) (quoting *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980)).
11 "The UCL does not define the term 'unfair' as used in Business and Professions Code section
12 17200," *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1364 (2010), but the Ninth Circuit
13 has recognized three tests for the determination of what is an "unfair" business practice: whether
14 (1) the challenged conduct is "tethered to [violation of] any underlying constitutional, statutory or
15 regulatory provision, or . . . threatens an incipient violation of an antitrust law, or violates the
16 policy or spirit of an antitrust law"; (2) the challenged conduct is "immoral, unethical, oppressive,
17 unscrupulous, or substantially injurious to consumers"; or (3) the challenged conduct's "impact on
18 the victim outweighs the reasons, justifications and motives of the alleged wrongdoer." *Doe v.
19 CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214–1215 (9th Cir. 2020).  Williams has not alleged facts
20 sufficient to plead that Autodeals Hayward's conduct is unfair under any of these tests, because
21 Williams has not alleged *any* facts about Autodeals Hayward's allegedly unfair conduct.  Williams
22 alleges that "Autodeals Hayward engaged in deceptive and unlawful business practices in the
23 underlying vehicle transaction, including misrepresentation of vehicle condition, failure to disclose
24 defects, and violations of California's [CLRA] and [Song-Beverly Act]," *id.* ¶ 18, but he does not
25 explain what conduct was deceptive or unlawful, how Autodeals Hayward misrepresented the
26 vehicle's condition, or what defects it failed to disclose.  These allegations are conclusory and thus
27 insufficient. *Ashcroft*, 556 U.S. at 677–78.  Accordingly, the Court dismisses the "unfair" prong
28 of Williams's UCL claim.

6

#### 4. Conversion

"The elements of a claim for conversion under California law are: (1) the plaintiff's ownership or right to possession of property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Cottrell v. AT&T, Inc.*, No. 19-cv-07672-JCS, 2020 WL 4818606, at *5 (N.D. Cal. Aug. 19, 2020) (quoting *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014)).

Williams alleges that "AAA wrongfully retained arbitration fees paid by Plaintiff without providing agreed services, constituting conversion of property." ECF No. 1 ¶ 25. But, for the reasons explained above, Williams's allegations regarding the "wrongful" nature of AAA's conduct are impermissibly conclusory, because Williams does not set forth the rule AAA broke or how AAA broke it. Consequently, Williams alleges only an "unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. at 677–78, of the kind that is insufficient to state a claim for relief.   Moreover, as currently pled, Williams's conversion claim appears to be grounded in a contract signed with AAA and seeks the return of fees paid by Williams pursuant to that contract, and thus the claim likely is barred by the economic loss rule, which "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). For these reasons, the Court dismisses Williams's conversion claim.

#### 5. Declaratory Relief

Finally, Williams "seeks a judicial declaration that AAA's refusal to refund fees after disqualification and Autodeals Hayward's deceptive sales were unlawful and violated state and federal laws." ECF No. 1 ¶ 26. Because declaratory relief is a remedy and not a cause of action, *see Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010), when the underlying claims are dismissed, the declaratory relief cause of action must be dismissed as well. *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011). Accordingly, the Court dismisses the claim for declaratory relief.

**CONCLUSION**

For the foregoing reasons, the Court grants Williams's application to proceed *in forma pauperis* and, upon screening, dismisses the complaint. The Court grants Williams leave to amend solely to cure the deficiencies identified in this order. Any amended complaint shall be filed within 28 days of entry of this order.

Williams may wish to consult the resources available on the Court's website, https://cand.uscourts.gov/pro-se, for people who are representing themselves without a lawyer. He may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation. Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: August 22, 2025



JON S. TIGAR
United States District Judge