UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN ARBITRATION ASSOCIATION, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-05319-JST<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>Re: ECF No. 8 |

Before the Court is Plaintiff Kevin B. Williams's first amended complaint ("FAC"). ECF No. 8. Pursuant to the review required under 28 U.S.C. § 1915(e)(2), the Court will dismiss the complaint with leave to amend.

I.   **STANDARD OF REVIEW**

Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the

1  statement need only give the defendant fair notice of what the . . . claim is and the grounds upon
2  which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citation
3  omitted).  While Rule 8 does not require detailed factual allegations, it "demands more than an
4  unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,
5  678 (2009).  A pleading that offers only labels and conclusions, or a formulaic recitation of the
6  elements of a cause of action, or naked assertions devoid of further factual enhancement does not
7  suffice.  *Id.*

## II. DISCUSSION

For the purpose of screening under 28 U.S.C. § 1915(e)(2), the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  Williams filed this action against Defendants American Arbitration Association, Inc. ("AAA") and Autodeals Hayward, Inc., over arbitration fees he paid to AAA in connection with a consumer dispute between Autodeals Hayward and Williams's son. ECF No. 1 ¶ 2; ECF No. 8 at 1-3.  He argues that Autodeals Hayward violated a consumer arbitration agreement by refusing to pay his son's arbitration fees.  ECF No. 8 ¶ 6.  He also alleges that AAA wrongfully disqualified him as his son's legal representative in those arbitration proceedings.  *Id*. ¶¶ 16, 28–29.  Williams brings claims for: (1) breach of the arbitration agreement; (2) violation of the Federal Arbitration Act ("FAA"); (3) conversion; (4) declaratory relief; and (5) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.  For the reasons explained herein, the Court finds that Williams fails to state a claim for relief with respect to each of his claims.

### A. Breach of the Arbitration Agreement

The elements of a cause of action for breach of contract under California law are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  "To properly plead breach of contract, '[t]he complaint must identify the specific provisions of the contract allegedly breached by the defendant.'" *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x

2

588 (9th Cir. 2017) (quoting *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)). Williams asserts that Autodeals Hayward breached an arbitration agreement "by refusing to pay required fees, forcing Plaintiff to advance $3,200." ECF No. 8 ¶ 12. He quotes the arbitration agreement, which provides that Autodeals Hayward would "pay your filing, administration, service or case management fee and your arbitrator or hearing fee, all up to a maximum of $5,000." *Id.* ¶ 5. The FAC therefore identifies the arbitration agreement as the relevant contract and alleges that Autodeals Hayward breached that contract by failing to cover the costs of arbitration. *See* ECF No. 8 ¶¶ 5–6, 12–13.

While the FAC does not explain the context within which the contract was formed or identify the other party to Autodeals Hayward's arbitration agreement, pro se pleadings are construed liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). Williams's first complaint explained that Williams's son purchased a car from Autodeals Hayward and subsequently entered arbitration concerning alleged misrepresentations and defects in the vehicle. ECF No. 1 ¶¶ 11–12. "Exercis[ing] its discretion to tolerate informalities by the pro se litigant," the Court reads the two complaints together and reasonably infers that Williams's son entered into the arbitration agreement with Autodeals Hayward when he purchased the car. *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986), *aff'd,* 823 F.2d 554 (9th Cir. 1987). Given this information, Williams has alleged the second and fourth elements of a contract breach: Williams's son performed his side of the contract when he paid for the car, and he was allegedly injured when Autodeals Hayward refused to pay his arbitration fees.

Williams was not a party to the alleged contract was between Williams's son and Autodeals Hayward, however. He therefore may only bring a claim for breach of contract if he is an intended third-party beneficiary. *See GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012). "To prove intended beneficiary status, 'the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party.'" *Id.* (quoting *Klamath Water Users Prot. Assoc. v. Patterson*, 204 F.3d 1206, 1211 (9th Cir.1999)). "The contract need not name a beneficiary specifically," but may "specify a 'class clearly intended by the parties to

benefit from the contract.'" *GECCMC*, 671 F.3d at 1033 (quoting *Klamath*, 204 F.3d at 1211). Courts examine the "precise language of the contract for a 'clear intent' to rebut the presumption that the [third parties] are merely incidental beneficiaries." *GECCMC*, 671 F.3d at 1033–34 (quoting *Orff v. United States*, 358 F.3d 1137, 1147 n.5 (9th Cir. 2004)). "[P]ermitting the third party to bring its own breach of contract action against a contracting party" must also be "consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 821 (2019).

Williams does allege that he is a third-party beneficiary of the contract, but his claim is conclusory. *See* ECF No. 8 ¶ 13. The quoted portion of the arbitration agreement concerning the payment of arbitration fees does not show an intent to benefit a third party. *See* ECF No. 8 ¶ 5. It emphasizes that Autodeals "will pay *your*" fees, apparently referring to the other party to the contract, i.e., Williams's son. *Id*. The complaint fails to plead that Williams is a third-party beneficiary of the contract and the claim therefore fails.

Williams also suggests that he is entitled to enforce his son's contractual rights under the doctrine of equitable subrogation, but that doctrine does not apply where, as here, Williams voluntarily paid a fee on behalf of someone else. *See In re Bevan*, 327 F.3d 994, 997 (9th Cir. 2003) (noting that "[e]quitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his or her own interest, [and] (2) the subrogee did not act as a volunteer," among other requirements (quoting *Mort v. United States,* 86 F.3d 890, 894 (9th Cir.1996))).

Williams's claim for breach of the arbitration agreement is dismissed.

**B.     Violation of the Federal Arbitration Act**

Williams alleges that "the AAA's exclusion of Plaintiff as an authorized representative contravened the FAA's policies ensuring arbitration's fundamental attributes of informality and access." ECF No. 8 ¶ 16 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011)). He therefore argues that the state rules concerning the unauthorized practice of law ("UPL"), upon which AAA relied in disqualifying him, are preempted by the FAA. *Id*. ¶ 17. He alleges that the AAA's rules expressly permit a consumer to be represented by an "authorized representative" in arbitration. *Id*. ¶ 24.

4

The FAA preempts state rules that "stand[] as an obstacle to the accomplishment and execution of the full purposes and objective of Congress." *Concepcion*, 563 U.S. at 352 (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67 (1941)).  And "[t]he overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms . . . ." *Id*. at 344.  The parties may therefore incorporate restrictions into the arbitration agreement that would be preempted if imposed by the state.  *See Cronus Invs., Inc. v. Concierge Servs.*, 35 Cal. 4th 376, 385 (2005) ("To ensure that arbitration agreements are enforced according to their terms, the FAA preempts all state laws that apply *of their own force* to limit those agreements against the parties' will or to withdraw the power to enforce them." (emphasis in original)).  Although Williams alleges that the AAA Rules allow parties in arbitration to be represented by an authorized non-lawyer, he does not allege that the parties agreed to be governed by the AAA Rules.  *See* ECF No. 8 ¶¶ 9–10.  Without alleging that the imposition of state UPL rules contradicted the contract's terms, Williams cannot state a claim for FAA preemption.

Williams's argument that the arbitrator's application of state UPL rules was preempted by the FAA is also not tethered to a cognizable claim for relief.  He does not allege that the arbitration award was affected by his disqualification or should be vacated.  And while he requests reimbursement of the arbitration fees he paid and other associated costs, he does not allege that those costs were caused by the allegedly erroneous application of state UPL laws.  *See* ECF No. 8 at 6–7.  Rather, he alleges incurring costs for "arbitration filing and case management fees" and "preparation, service of process, communications, and transportations," which he or his son presumably would have incurred whether he had been disqualified as his son's representative or not.  *Id*.  And even if Williams did incur damages because he was disqualified, he does not identify any authority providing him with a cause of action against an arbitrator for damages because the arbitrator wrongfully applied a preempted state rule. Finally, although Williams seeks declaratory or injunctive relief, any such claims are moot because he does not allege that he intends to return to arbitration.

Williams's claim alleging preemption by the FAA is dismissed.

5

### C. Conversion

"The elements of a claim for conversion under California law are: (1) the plaintiff's ownership or right to possession of property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Cottrell v. AT&T, Inc.*, No. 19-cv-07672-JCS, 2020 WL 4818606, at *5 (N.D. Cal. Aug. 19, 2020) (quoting *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014)).

Williams alleges that "AAA wrongfully retained $3,200 despite acknowledging that Autodeals was responsible for costs." ECF No. 8 ¶ 19. But first, Autodeals Hayward's agreement to cover Williams's son's arbitration costs does not create an obligation for AAA to refund those costs to Williams. And second, as the Court explained previously, this claim barred by the economic loss rule, which "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). Williams seeks reimbursement of arbitration costs, which Autodeals Hayward agreed to cover in the arbitration agreement. He does not allege harm "above and beyond a contractual promise." *Id*.

The Court dismisses Williams's conversion claim.

### D. Violation of the Unruh Civil Rights Act

Williams alleges that the AAA violated the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq., in disqualifying him from representing his son and daughter-in-law because he was not a licensed attorney. He claims that "[t]his classification between attorneys and non-attorneys, where AAA's own rules allow both, constitutes arbitrary discrimination within the meaning of Unruh." ECF No. 8 ¶ 25.

The Unruh Civil Rights Act provides that all individuals within California are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," regardless of characteristics including "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status." Cal Civ. Code § 51(b). The enumerated protective classes are non-exhaustive, but "a claim must be based on a

personal characteristic similar to those listed in the statute," including "'geographical origin, physical attributes, and personal beliefs,'" and not merely based on "'economic characteristics.'" *Semler v. Gen. Elec. Cap. Corp.*, 196 Cal. App. 4th 1380, 1392 (2011) (quoting *Harris v. Cap. Growth Invs. XIV*, 52 Cal. 3d 1142, 1160 (1991), *superseded on other grounds by* Cal. Civ. Code § 51(f)). The personal characteristics protected by the Act are "traits, conditions, decisions, or choices fundamental to a person's identity, beliefs, and self-definition." *Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 842–843 (2005). Courts have therefore concluded that discrimination based on occupation or profession, "as long as it is not a stratagem designed to disguise discrimination based on personal characteristics protected under the Unruh Civil Rights Act," is not prohibited by the Act. *Roth v. Rhodes*, 25 Cal. App. 4th 530, 539 (1994); *see id*. ("The election to practice a particular profession represents a professional and, frequently, an economic choice, rather than a personal characteristic of the type enumerated in the [A]ct."); *but see White v. Square, Inc.*, 7 Cal.5th 1019, 1032 (2019) (declining to "express any view on whether a defendant violates the [Unruh] Act by discriminating on the basis of occupation").

While it may be possible for occupation or profession to qualify as a personal characteristic under the Act in some circumstances, Williams has failed to plead any facts establishing that his non-lawyer status is such a personal characteristic. He has failed to state a claim under the Unruh Civil Rights Act and the Court dismisses this claim.

### E.   Declaratory Relief

Finally, Williams seeks declaratory relief concerning his claims that his disqualification as his son's representative violated the Unruh Civil Rights Act and was preempted by the FAA. *See* ECF No. 8 ¶¶ 20, 26; *see also* ECF No. 1 ¶ 26. But declaratory relief is a remedy, not a cause of action. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010). When the underlying claims are dismissed, the declaratory relief cause of action must be dismissed as well. *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011). Accordingly, the Court dismisses the claim for declaratory relief.

## CONCLUSION

For the foregoing reasons, the Court dismisses the FAC. The Court grants Williams leave

to amend solely to cure the deficiencies identified in this order.  Any amended complaint shall be filed within 28 days of entry of this order.[1]

**IT IS SO ORDERED.**

Dated:  November 25, 2025



JON S. TIGAR
United States District Judge

---

[1] On November 21, 2025, Defendant Autodeals Hayward filed an answer to the first amended complaint. ECF No. 13.  The same day, Defendant American Arbitration Association moved to dismiss. ECF No. 15. "Because the Court is mandated to screen Plaintiff's complaint at this juncture, and because the Court dismisses that complaint, there is no operative complaint in this action" and the Court strikes the answer and the motion to dismiss. *Adams v. Ally Auto*, No. 2:22-CV-02173-RFB(DJA), 2024 WL 325277, at *1 (D. Nev. Jan. 26, 2024).