UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN B. WILLIAMS,

Plaintiff,

v.

AMERICAN ARBITRATION ASSOCIATION, INC., et al.,

Defendants.

Case No. 25-cv-05319-JST

**ORDER DISMISSING SECOND AMENDED COMPLAINT**

Re: ECF No. 20

Before the Court is Plaintiff Kevin B. Williams's second amended complaint ("SAC"). ECF No. 8. The Court dismissed the original complaint and first amended complaint pursuant to the screening review required under 28 U.S.C. § 1915(e)(2). Now screening Williams' second amended complaint ("SAC"), the Court will dismiss this case with prejudice.[1]

## I. STANDARD OF REVIEW

Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of

[1] The Court is required to screen Williams's complaint before it becomes operative and requires a response from the defendants. *See Adams v. Ally Auto*, No. 2:22-CV-02173-RFB(DJA), 2024 WL 325277, at *1 (D. Nev. Jan. 26, 2024); 28 U.S.C. § 1915(e)(2); *see* ECF No. 19 at 8 n.1. Defendant AAA nonetheless filed a motion to dismiss the FAC. ECF No. 22. Although the Court screened the FAC without considering the motion to dismiss, Williams complained that the screening order denied him a fair opportunity to respond to the motion to dismiss and lacked the benefit of his arguments. *See* ECF No. 20 ¶¶ 30–32; ECF No. 20-4 at 2. AAA has now filed a motion to dismiss the SAC, which Williams has opposed. ECF Nos. 21, 23. For the sake of assuring the parties that they have been heard, the Court will consider the briefs filed by both parties in performing the mandatory screening required by Section 1915(e)(2).

United States District Court
Northern District of California

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citation omitted). While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*[2]

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified).

## II. DISCUSSION

For the purpose of screening under 28 U.S.C. § 1915(e)(2), the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Williams filed this action against Defendants American Arbitration Association, Inc. ("AAA") and Autodeals

---

[2] Williams asserts that "[d]ismissal at the pleadings stage is disfavored unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.'" ECF No. 20 ¶ 7 (quoting *Karim-Panahi v. LAPD*, 839 F.2d 621, 623 (9th Cir. 1988)). *Karim-Panahi* preceded the Supreme Court's decision in *Iqbal*, which held that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Hayward, Inc., over arbitration fees he paid to AAA in connection with a consumer dispute between Autodeals Hayward and Williams's son. ECF No. 1 ¶ 2; ECF No. 8 at 1-3; ECF No. 20 ¶¶ 8–20. He argues that Autodeals Hayward violated a consumer arbitration agreement by refusing to pay his son's arbitration fees. ECF No. 8 ¶ 6; ECF No. 20 ¶¶ 26, 37–41. He also alleges that AAA wrongfully disqualified him as his son's legal representative in those arbitration proceedings. ECF No. 8 ¶¶ 16; ECF No. 20 ¶¶ 18, 43–44. The SAC brings claims for: (1) breach of the arbitration agreement; (2) violation of the Federal Arbitration Act ("FAA"); (3) conversion; (4) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; (5) race discrimination in contractual rights under 42 U.S.C. § 1981; (6) violation of Title II of the Civil Rights Act of 1964; and (7) declaratory relief. ECF No. 20 ¶¶ 37–56. All claims are against the AAA alone except for claim one, which is against Autodeals Hayward alone, and claim five, which is against both defendants. *Id*. For the reasons explained herein, the Court finds that Williams fails to state a claim for relief with respect to each of his claims.

**A. Arbitral Immunity**

The doctrine of arbitral immunity provides that "arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings." *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987). "As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." *Id*. Arbitral immunity extends only to those acts taken by arbitrators "within the scope of their duties and within their jurisdiction." *Id*. "The pivotal question is 'whether the claim at issue arises out of a decisional act.'" *Sacks v. Dietrich*, 663 F.3d 1065, 1070 (9th Cir. 2011) (quoting *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155 (10th Cir. 2007)).

The Ninth Circuit's decision in *Sacks v. Dietrich* squarely bars Williams' claims against AAA. In that case, the plaintiff had entered a written contract with Vincent Dang to represent him in a securities arbitration proceeding to be administered by the Financial Industry Regulatory Authority ("FINRA"). 663 F.3d at 1066–67. Dang signed an arbitration agreement agreeing to the FINRA rules. *Id*. at 1067. Applying the FINRA rules, the panel disqualified Sacks. *Id*. Sacks

United States District Court
Northern District of California

sued, alleging interference with contract and interference with prospective economic advantage. *Id*. at 1068. The Ninth Circuit held that because "the arbitrators were acting within their jurisdiction and plaintiff's claims arise out of a decisional act," Sacks's suit was barred by arbitral immunity. *Id*. at 1070.

In *Sacks*, it was not disputed that the terms of the arbitration agreement adopted the FINRA rules and one of those rules barred Sacks's representation. *Id*. at 1067. Here, by contrast, Williams suggests that the arbitration panel violated the arbitration agreement by disqualifying him. *See* ECF No. 20 ¶¶ 14, 43. In its last order, the Court noted that Williams had failed to allege that the terms of the arbitration agreement permitted him to represent his son, either by incorporating the AAA rules or otherwise. ECF No. 19 at 5. That remains true. Thus, even if the panel's deviation from the terms of the arbitration agreement could distinguish *Sacks*—and the Court does not so hold—Williams has alleged no basis for reaching such a conclusion.

Here, like in *Sacks*, arbitral immunity bars Williams from suing AAA over his disqualification as his son's authorized representative. Claims two through six, all of which target arbitrators' official conduct in disqualifying Williams or retaining the arbitration fee, are therefore dismissed with prejudice. *See Worth v. City of Kalispell*, No. CV 08-145-M-DWM-JCL, 2009 WL 931149, at *4 (D. Mont. Apr. 2, 2009) (holding that where discrimination claims against an arbitrator "arise out of his arbitral function and his role in rendering an arbitration decision," they are barred by arbitral immunity).

**B. Failure to State a Claim**

Even if arbitral immunity did not apply, the Court would find that Williams has failed to adequately allege the elements of any of his claims.

The first claim is for breach of contract against Autodeals Hayward, ECF No. 20 ¶¶ 37–41, but Williams is not a party to the arbitration agreement and has alleged no new facts establishing that he is an intended third-party beneficiary. *See GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) ("To prove intended beneficiary status, 'the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party.'" (quoting *Klamath Water*

*Users Prot. Assoc. v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999)). He therefore may not bring a claim for breach of contract and this claim fails for the same reason the Court explained in its prior order. *See* ECF No. 19 at 3–4.

The second claim is for a violation of the Federal Arbitration Act because the arbitrators applied a state unauthorized practice of law rule. ECF No. 20 ¶¶ 42–45. Williams likewise has not cured the defects the Court identified in its prior screening order. First, Williams still has not adequately alleged any violation of the FAA because he has not shown that the arbitrators failed to enforce the arbitration agreement's terms. Specifically, although he "alleges that the AAA Rules allow parties in arbitration to be represented by an authorized non-lawyer, he does not allege that the parties agreed to be governed by the AAA Rules." *Id*. Second, "he does not identify any authority providing him with a cause of action against an arbitrator for damages because the arbitrator wrongfully applied a preempted state rule," particularly in the absence of any allegation that the wrongful rule application affected the arbitration award or otherwise injured him. ECF No. 19 at 5.

The third claim is for conversion against AAA for retaining the $3,200 arbitration fee. ECF No. 20 ¶¶ 46–48. As the Court has now explained three times, "this claim barred by the economic loss rule, which 'requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a contractual promise.'" *See* ECF No. 19 at 6 (quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)). And as the Court now explains for a second time, "Autodeals Hayward's agreement to cover Williams's son's arbitration costs does not create an obligation for AAA to refund those costs to Williams." *Id.*

Williams' fourth through sixth claims are for race discrimination under the Unruh Civil Rights Act, Cal. Civ. Code § 51; 42 U.S.C. § 1981; and 42 U.S.C. § 2000a. Williams has not pleaded a single fact suggesting that discrimination based on race is a plausible explanation for his disqualification as his son's representative. He does not identify any similarly situated nonattorneys performing the same functions as him in an AAA arbitration, nor does he identify any relevant disparate rulings by the arbitrator. Although he states that "AAA permitted similarly

situated non-Black nonlawyer representatives to remain in arbitration," this statement is devoid of supporting details and utterly conclusory. ECF No. 20 ¶ 19; *see also id*. at 7;[3] *id*. ¶ 54. He also alleges that "AAA simultaneously allowed a corporation (Autodeals) to appear without counsel, including its corporate officers, applying its rules asymmetrically" but a corporation is not similarly situated to his son and nothing about this purported asymmetry is suggestive of race discrimination. *Id*. ¶ 20. Moreover, Williams contradicts himself by repeatedly referencing the conduct of Autodeals Hayward's attorneys in the arbitration process, suggesting they were in fact represented by counsel. *See, e.g.*, *id*. ¶ 23.

Finally, Williams seeks declaratory relief. When the underlying claims are dismissed, the declaratory relief cause of action must be dismissed as well. *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011). Williams has failed to state a viable claim.

**CONCLUSION**

Williams has now had three opportunities to plead viable claims and has failed to do so. Moreover, because they are barred by arbitral immunity, further amendment of Williams' federal claims would be futile. For both reasons, the Court dismisses the SAC with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The Clerk shall enter judgment and close the file.[4]

**IT IS SO ORDERED.**

Dated: July 22, 2026

JON S. TIGAR
United States District Judge

[3] The SAC repeats paragraph numbers 48 through 52. ECF No. 20 at 7. This citation references both paragraphs 50, which contain conclusory allegations of race discrimination.

[4] On January 7, 2026, Williams filed an administrative motion for leave to file a sur-reply. ECF No. 25. He argues that the reply raises three new arguments: that the SAC exceeded the scope of leave to amend, that Williams' claims are barred by arbitral immunity, and that AAA rules allowed Williams to be disqualified as a nonlawyer. In fact, none of these arguments was newly raised in the reply; each appears in the motion to dismiss. *See* ECF No. 22 at 10–11, 16, 17–22. The motion is denied. *See In re Hard Drive Suspension Assemblies Antitrust Litig.*, No. 19-MD-02918-MMC, 2023 WL 1934491, at *1 (N.D. Cal. Jan. 6, 2023) (denying plantiff's motion for leave to file sur-reply because defendant's reply only addressed arguments and evidence cited in the opposition brief).